UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,              :
                                       :
                                       :          **10 CR 416 (VM)**
      -against-                        :       **DECISION AND ORDER**
                                       :
DIOGENES DE JESUS SIERRA,              :
                                       :
                    Defendant.         :
----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: February 2, 2021

**VICTOR MARRERO, U.S.D.J.:**

On February 7, 2014, defendant Diogenes De Jesus Sierra ("De Jesus Sierra") was convicted of one count of conspiracy to distribute heroin in violation of 21 U.S.C. § 846 and one count of distribution and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(b)(1)(C). De Jesus Sierra was sentenced to a term of 360 months for each count, to run concurrently. (See Dkt. No. 123.) He is currently serving his sentence at F.C.I. Fort Dix.

Pending before the Court are two issues for resolution: (1) De Jesus Sierra's May 20, 2020 motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (see Dkt. No. 134); and (2) De Jesus Sierra's letter[1] moving for compassionate release under 18 U.S.C. § 3582(c)(1) (see

_____

[1] The letter is dated November 20, 2020. However, the letter must have been submitted to the Court on a later date because the letter includes an email dated November 29, 2020 as an exhibit. (See attached letter.) Nonetheless, for the reasons discussed in Section II, infra, this discrepancy is inconsequential.

attached letter). For the reasons set forth below, the Court DENIES both motions.

I.   <u>Motion for Sentence Reduction</u>

In 2014, the United States Sentencing Commission issued Amendment 782, which reduces the offense levels for certain controlled-substance offenses by two levels. <u>See</u> U.S. Sentencing Guidelines Manual supp. to app. C, amend. 782 (U.S. Sentencing Comm'n 2016). In particular, "Amendment 782 of the Guidelines amended the drug quantity table in U.S.S.G. § 2D1.1 but left U.S.S.G. § 4B1.1 unaffected." <u>United States v. Valentine</u>, No. 11 CR 626, 2015 WL 13845163, at *1 (S.D.N.Y. Apr. 16, 2015). This amendment was subsequently retroactively applied through Amendment 788. <u>See</u> U.S. Sentencing Guidelines Manual supp. to app. C, amend. 788 (U.S. Sentencing Comm'n 2016).

Under 18 U.S.C. § 3582(c)(2), a district court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with application policy statements issued by the Sentencing Commission." A defendant is precluded from a sentence reduction, however, when the defendant's "sentence was not 'based on' the reduced Section

2

2D1.1, but rather on the unaffected Section 4B1.1." <u>Valentine</u>, 2015 WL 13845163, at *1.

Here, De Jesus Sierra was sentenced as a Career Offender pursuant to U.S.S.G. § 4B1.1(b)(1). Accordingly, due to his Career Offender status, Amendment 782 does not have the effect of lowering his applicable Guidelines range. De Jesus Sierra is therefore ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

II.  <u>Motion for Compassionate Release</u>

As a threshold matter, the Court assumes for the sake of argument that De Jesus Sierra satisfied the exhaustion requirement. A defendant may not seek relief in court under Section 3582 until (i) he has "fully exhausted all administrative rights" within the Bureau of Prisons, or (ii) 30 days have lapsed since he submitted a request for release to the warden. <u>United States v. Battle</u>, 05 Cr. 377, 2020 WL 2306482, at *1 (S.D.N.Y. May 8, 2020) (citing 18 U.S.C. § 3582). De Jesus Sierra attaches as an exhibit to his letter motion an email, sent to the warden and dated November 24, 2020, requesting release. (<u>See</u> attached letter.) While there is some uncertainty as to the date on which the instant motion was submitted, and thus whether thirty dates had lapsed since the November 24 email, the Court does not need to resolve this uncertainty. Even assuming that De Jesus Sierra

satisfied the exhaustion requirements, he has failed to establish that the circumstances of his case entitle him to the relief he seeks.

To grant a sentence reduction under 18 U.S.C. § 3582(c)(1), the Court must find that "extraordinary and compelling reasons warrant such a reduction." Under this provision, courts are authorized "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

De Jesus Sierra argues that his motion for compassionate release should be granted because he is fifty-nine years old; has medical conditions including hiatal hernia, chronic sinusitis, arthritis, chronic acidity, severe insomnia, hypertension, knee issues, and sleep apnea; has completed 35% of his sentence; has only one disciplinary incident recorded against him during his eleven years of incarceration; and has participated in various programming, such as for drug treatment. (See attached letter.) However, based on the facts presented here, the Court is unpersuaded that these circumstances satisfy the extraordinary and compelling standard.

First, although older adults are at greater risk of hospitalization or death due to COVID-19, the "greatest risk for severe illness from COVID-19 is among those aged 85 or older." See *Coronavirus Disease 2019 (COVID-19): Older Adults*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Dec. 13, 2020). But at fifty-nine years of age, De Jesus Sierra does not fall within that age group.

In addition, De Jesus Sierra's medical conditions are generally not conditions that put afflicted individuals at risk of serious illness from COVID-19. See *Coronavirus Disease 2019 (COVID-19): People With Certain Medical Conditions*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 29, 2020) (listing cancer, chronic kidney disease, chronic obstructive pulmonary disease, down syndrome, heart conditions, immunocompromised state, obesity, severe obesity, pregnancy, sickle cell disease, smoking, and type 2 diabetes as conditions placing adults at increased risk of severe illness).

Moreover, the fact that De Jesus Sierra has served 35% of his sentence is also insufficient to establish compelling

and extraordinary circumstances. De Jesus Sierra cites to United States v. Legarde, No. 19 CR 145 (E.D. Va. June 29, 2020) (order reducing sentence), as support for his motion on the grounds that the defendant in Legarde had served less than half of his sentence and was granted release. But in Legarde, the defendant was sentenced to a mandatory minimum of sixty months' imprisonment, which was subsequently reduced to thirty-three months' imprisonment, and he had served 48% of that sentence (sixteen months). Id. at 2. More importantly, the defendant in Legarde also had numerous serious heart conditions, which put him at an increased risk of severe illness resulting from COVID-19. Id. It was the defendant's heart conditions that primarily constituted the extraordinary and compelling reasons found by the Legarde Court -- not the percentage of sentence already served. Id. at 4-5.

Furthermore, the Court is unpersuaded that De Jesus Sierra's institutional record establishes entitlement to compassionate release under Section 3582. Congress has expressly instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The Court commends De Jesus Sierra's rehabilitative efforts but finds that these efforts do not, either alone or in combination with the other circumstances he cites, meet the "extraordinary and

compelling" standard. <u>See</u>, <u>e.g.</u>, <u>United States v. Saleh</u>, No.
93 CR 181, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020)
(recognizing a defendant's commendable institutional record
but denying release).

Finally, it is not apparent that a sentence reduction
would be consistent with the sentencing factors set forth in
18 U.S.C. § 3553(a), particularly in light of De Jesus
Sierra's status as a Career Offender and the magnitude of his
crime. <u>See</u> 18 U.S.C. § 3582(c)(2) (noting that the court "may
reduce the term of imprisonment . . . after considering the
factors set forth in section 3553(a) to the extent that they
are applicable"). However, the Court does not need to reach
this issue because it has concluded that there are no
extraordinary and compelling circumstances warranting
release. <u>See</u> <u>United States v. Roney</u>, No. 20-1834, 2020 WL
6387844, at *1 (2d Cir. Nov. 2, 2020).

## I.   <u>ORDER</u>

Accordingly, for the reasons stated above, it is hereby

**ORDERED**, that the motion by defendant Diogenes De Jesus
Sierra ("De Jesus Sierra") for a sentence reduction under 18
U.S.C. § 3582(c)(2) is hereby DENIED; and it is further

**ORDERED**, that De Jesus Sierra's motion for compassionate
release under 18 U.S.C. § 3582(c)(1) is DENIED.

The Clerk of Court is hereby directed to mail this Order to Diogenes De Jesus Sierra, Register Number 63319-054, at F.C.I. Fort Dix, P.O. Box 2000, Joint Base MDL, NJ 08640.

**SO ORDERED.**

Dated:   New York, New York
         2 February 2021

Victor Marrero
U.S.D.J.

Diogenes Sierra
Reg. No. 63319-054
FCI Ft. Dix
P.O. Box 2000
Joint Base MDL, NJ  08640

November 20, 2020

UNITED STATES DISTRICT COURT
Southern District of New York
VICTOR MARRERO
United States District Judge
40 Centre Street
New York, New York 10007

Case No: 10-CR-0416

Re:   Petition for Compassionate Release/Reduction in Sentence
      in accordance with the First Step Act
      and 18 U.S.C. § 3582(c)(1)(A).

Sir:

### PERSONAL DATA

Diogenes Sierra,

59 years of age and 360 month sentence,

35 percent of sentence completed,

One incident report in 2010 (self defense),

Mr. Sierra's work history is in institution facilities, including: landscaping, and sanitation

Mr. Sierra has the following programming: ESL, GED, Business, Cinemetography, Drug Abuse, Drug Treatment and HVAC.

Mr. Sierra has the following medical conditions: Hiatal Hernia, Chronic Sinusitis, Arthritis, Chronic Acidity, Severe Insomnia, Hypertension, Cartiledge in knee disability, and Sleep Apnea.

### BACKGROUND DATA

Under 18 U.S.C. § 3582(c)(1)(A), a sentencing court, on motion of the Director of Prisons, may reduce the term of imprisonment of an inmate under the Comprehensive Crime Control Act of 1984.

The BOP uses 18 U.S.C. § 3582(c)(1)(A) in particular "extraordinary or compelling" circumstances which could not

1

reasonably have been foreseen by the court at the time of sentencing.  The COVID-19 pandemic has been recognized by courts, and wardens, around the nation as just such "extraordinary and compelling reasons".

On December 21, 2018, the President signed the First Step Act into law.  Among the criminal justice reforms, Congress amended 18 U.S.C. § 3582(c)(1)(A)(i) to provide the sentencing judge jurisdiction to consider a defense motion for Reduction in Sentence (RIS or 'Compassionate Release') based on "extraordinary or compelling" reasons whenever "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"; First Step Act of 2018, § 603(b), Pub. L. 115-391, 132 Stat 5194, 5239 (December 21, 2018). See: Exhibit A and Exhibit B

The First Step Act not only gave prisoners the right to petition the court directly for compassionate release, the legislation also required the BOP to report to Congress after one year on the use of compassionate release; See: 18 U.S.C. § 3582(d)(3), a clear indication that Congress intended for more individuals to receive compassionate release than had previously.

The court has discretion to reduce the term of imprisonment imposed in this case after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if it finds that ... "extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

In 28 U.S.C. § 994(t), Congress delegated to the Sentencing Commission the authority to "describe what should be considered 'extraordinary and compelling reasons' for sentence reduction, including tne criteria to be applied and a list of specific examples."

2

District courts around the country have found that the COVID-19 pandemic, and the attendant and increased risk to vulnerable inmates such as Mr.Sierra and other elderly inmates to be "extraordinary and compelling reasons" to grant compassionate release.   See; United States v LeGarde, 1:19-cr-145, Docket No. 53 (E.D. Va, June 29, 2020, O'Grady, J. presiding) which granted compassionate release to a 54 year old defendant who was LESS than half-way through his sentence.

As is relevant here, the examples of "extraordinary and compelling reasons in U.S.S.G. § 1B1.13 include Mr. Sierra's circumstances.   The recent ruling from the Second Circuit's Court of Appeals, in, United States v Zullo, No. 19-3218, makes the argument very clear.   That court found that, absent updated guidance from the Sentencing Commission (USSC - which has not occurred), the First Step Act freed district courts to consider ANY potentially extraordinary and compelling reasons that a defendant might raise for compassionate release.

The First Step Act, enacted prior to the COVID-19 Pandemic, included descriptions and statements that indicated that the very purpose of the First Step Act was "improving application of compassionate release" to the point that the relevant portion of the First Step Act was called - "Increasing the Use and Transparency of Compassionate Release".

Congress did not view this as a - minor change.   In fact, one notes that "Congress-persons called it 'expand[ing], expedit[ing], and improving compassionate release." See; 4 164 Congressional Record S7774 (daily ed. December 18, 2018, statement of Senator Ben Cardin, and 164 Congressional Record H10346, H10362 (December 20, 2018, statement of Representative Jerrold Nadler."

## RELEASE PLAN

If Mr. Sierra is granted compassionate release and is not deported, he will live with his sister, Ruth Sierra at 1875 Vale Dr. Clementon, FL 34711, Phone number (352)250-7118

3

Mr. Sierra will have help from his sister in finding employemnt, Mr. Sierra is unsure at this time how he will obtain health insurance.

## CONCLUSION

Mr. Sierra qualifies for consideration under the revised amendment of PS 5050.50. The amendment revises the BOP's guidance on what should be considered "extraordinary and compelling reasons" which bring about circumstances that could not have been foreseen by the court at the time of his sentencing.

Petitioner is a second-time offender with a LOW Pattern and custody score. Mr. Sierra has one disciplinary or incident report throughout his over eleven years of incarceration. Mr. Sierra has maintained his employment in landscaping.

This threat is real. Mr. Sierra incarceration , which prevents him from him being able to protect himself from the growing COVID-19 threat ... a threat that can be life threatening to someone of his age is a threat that must be taken seriously. Even if Mr. Sierra would contract COVID-19 and not die, he is still subject to life-long debilitating conditions that would threaten his health.

It is clear that the COVID-19 pandemic is considered by courts around the nation as "extraordinary and compelling reasons" for Compassionate Release, as required under PS 5050.50.

This letter complies with Mr. Sierra's required Administrative Remedy Process in accordance with the First Step Act.

Therefore, for the reasons stated herein, Petitioner request that you, upon receipt, submit a Motion for Compassionate Release/Home Confinement/Reduction of Sentence, utilizing 18 U.S.C. § 3582(c)(1)(A)(i) on behalf of Mr. Sierra.

Respectfully submitted,

Diogenes De Jesus Sierra

63319-054

Exhibit A

TRULINCS 63319054 - SIERRA, DIOGENES DE JESUS - Unit: FTD-P-A
-----------------------------------------------------------------------------------------------------------------

FROM: AW Administrations
TO: 63319054 SIERRA, DIOGENES DE JESUS
SUBJECT: RE:***Inmate to Staff Message***
DATE: 11/29/2020 11:32 PM

You sent your message addressed to the Warden to an Associate Warden's mailbox. Nonetheless, by copy of this message, your request for Compassionate Release/Reduction in Sentence (RIS) was forwarded to the RIS Coordinators for review and follow up.

>>> ~^!"SIERRA, ~^!DIOGENES DE JESUS" <63319054@inmatemessage.com> 11/24/2020 11:13 AM >>>
To: Warden Ortiz
Inmate Work Assignment: N/A

***Inmate Message Below***

Petition to request the Warden to submit a motion for a compassionate release/reduction in sentence, due to the Covid -19 pandemic here at Fort Dix Low with over 248 inmates currently infected. This request is in accordance with 18 U.S.C. 3582 (c) (1)(a) as amended by the First Step act of 2018 and Program statement 5050.50 as amended.

Thank you,
Diogenes De Jesus Sierra

Exhibit B

Before completing this sheet, please review Program Statement 5050.50, Compassionate Release/Reduction In Sentence, available in the law library.

### COMPASSIONATE RELEASE/REDUCTION IN SENTENCE

NAME: *DIOGENES SIERRA* UNIT: *5811* REG#: *63319054* DATE: *9/1/20*

Who is your Physician (circle): Patel    Sccusa    Sood    Chinwalla    UNKNOWN

**Choose One Criteria: You can only apply under one criteria.**

---

Extraordinary/Compelling Circumstances:

**X** Medical Circumstances    *Compelling medical circumstances.*

____ Terminal Medical Condition- Terminal Diagnosis with 18 months or less life expectancy.

**X** Debilitated Medical Condition – Illness that has you partially (50%) or completely (100%) disabled.

____ **Elderly Inmates**

____ "New Law" Elderly Inmates – 70 years old or older, and served 30 years or more of sentence.

____ Elderly with Medical Conditions – 65 years old or older and served at least 50% of sentence.

____ Other Elderly Inmate- 65 years or older and served at least 75% of sentence or the greater of 10 years.

____ **Death or Incapacitation of the Family Member Caregiver of an inmate's dependent child**- provide verifiable documentation the child is "suddenly" without a caretaker, the family member is in an incapacitated state and unable to care for the child.

____ **Incapacitation of a Spouse or Partner** – provide verifiable medical documentation of incapacitated state.

---

To be completed by inmate:

---

Briefly describe your medical condition or non-medical circumstance: *I HAVE Hernia Hiatal, Chronic Sinusitis, arthritis, Treated at this facility with Omeprazole 40 mg, Ibuprophen 800 mg, Acaim, chronic, Actually I'm havin a ADT INSOMNIA only sleep 3-4 Hrs at night.*

If you have applied before, has anything changed in your medical condition since your last application (if so, describe): *None.*

---

Proposed Release Plan (Must have ALL of the following):

Name and contact information of who you will live with, and the last time you spoke to this person about your release plan: *I will live with my sister Ruth Sierra at 1875 Vale Dr. Clemenpon FL. 34711 (phone): 352-250-718.*

Address of where you will be living: *1875 Vale Dr. Clemenpon FL 34711*

Where will you receive medical treatment (if applicable): *Her family Doctor.*

How will you pay for your medical treatment (if applicable): *My Sister will pay.*

Additional Comments:

---

Updated 6/30/2020

*Submitted on 9/1/2020*
*S Byd*