```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/26/24
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

DIOGENES DE JESUS SIERRA,

                 Defendant.

10 Cr. 416 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, District Judge:**

    Diogenes De Jesus Sierra ("Sierra"), a prisoner serving a 360-month sentence at FCI Fort Dix in New Jersey, moves *pro se* for a reduction of his term of imprisonment under the federal compassionate release statute, 18 U.S.C. § 3582(c) ("Section 3582(c)"). ("Motion" or "Mot.," Dkt. No. 144.) For the reasons stated below, the Motion is DENIED.

                      **I.    BACKGROUND**

    By Superseding Indictment, the Government charged Sierra with two counts: (1) conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846; and (2) distribution of and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 812, 841(a), 841(a)(1), and 841(b)(1)(C). (Dkt. No. 34.) Following a mistrial on July 16, 2012, the Court conducted a retrial in October 2022, which lasted four days. On October 18, 2012, the jury returned a guilty verdict, convicting Sierra on both counts. Sierra was sentenced to 360-

1

months' imprisonment on each count, to run concurrently. (Dkt. No. 123.)

On December 22, 2023, Sierra filed a Section 3582(c) motion seeking a sentence reduction based on Amendment 821 to the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G."). (Dkt. No. 141.) Amendment 821, now operative at U.S.S.G. § 5C1.1, created an "Adjustment for Certain Zero-Point Offenders" that reduces the recommended advisory guidelines range by two levels for certain defendants with no prior criminal history. See U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,271 (effective Nov. 1, 2023) [hereinafter "Amendments"]. The Court denied that motion on February 13, 2024, finding that Sierra was not eligible for this reduction because he did not have zero criminal history points at the time of his conviction. (Dkt. No. 143.)

Now before the Court is Sierra's latest Motion for a sentence reduction – this time, based on Amendment 814, which revised the Guidelines' policy statement on sentence reductions under Section 3582(c) by modifying and expanding the categories of circumstances that qualify as "extraordinary and compelling reasons" warranting a sentence reduction. See U.S.S.G. § 1B1.13 [hereinafter "Section 1B1.13"]. Amendment 814 went into effect November 1, 2023, and applies retroactively. Id.

## II. <u>LEGAL STANDARD</u>

As amended by the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, Section 3582(c) authorizes the Court to modify a term of imprisonment if it finds that: "(1) extraordinary and compelling reasons warrant such a reduction; (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the § 3553(a) factors weigh in favor of a reduction in sentence." <u>United States v. Saez</u>, No. 16 Cr. 317, 2024 WL 303847, at *2 (S.D.N.Y. Jan. 26, 2024) (quotation marks omitted); <u>see</u> 18 U.S.C. § 3582(c)(1)(A). Section 3582(c) also includes an exhaustion requirement that requires movants to first seek relief from the Bureau of Prisons ("BOP") before seeking relief in court.[1] <u>Id.</u>; <u>see</u> <u>United States v. Webb</u>, No. 12 Cr. 111, 2023 WL 9022874, at *1 (S.D.N.Y. Dec. 29, 2023).

If the Court finds "extraordinary and compelling reasons" exist, the Court must further consider the factors under 18 U.S.C. § 3553(a) (the "§ 3553(a) factors"), which include the following:

    (1)  the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

    (2)  the need for the sentence imposed—

---

[1] In full, Section 3582(c)(1)(A) permits courts to reduce a defendant's sentence only after the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."

3

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

Courts evaluating a motion for compassionate release must therefore determine first whether "extraordinary and compelling reasons" exist and, if so, whether the § 3553(a) factors favor a sentence reduction.

However, "Congress did not define extraordinary and compelling reasons" in Section 3582(c). United States v. Raposo, No. 98 Cr. 185, 2024 WL 165195, at *7 (S.D.N.Y. Jan. 16, 2024). Rather, Congress directed the U.S. Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Consistent with that instruction, the U.S. Sentencing Commission set forth its policy statement in Section 1B1.13 and its commentary. See U.S.S.G. § 1B1.13(a)(1)(A) (stating a court may reduce a sentence if, after considering the § 3553(a) factors, it determines that "[e]xtraordinary and compelling reasons warrant

4

the reduction"). Before November 1, 2023, Section 1B1.13's commentary "outlined three categories of extraordinary and compelling reasons": the defendant's medical condition, age, and family circumstances. Raposo, 2024 WL 165195, at *5; see U.S.S.G. § 1B1.13 Application Note 1 (U.S. Sent'g Comm'n 2021) (amended Nov. 1, 2018).

Effective November 1, 2023, Amendment 814 revised Section 1B1.13 by expanding the categories of circumstances considered "extraordinary and compelling."[2] Amendments, 88 Fed. Reg. 28,254 – 28,256; see see United States v. Feliz, No. 16 Cr. 809, 2023 WL 8275897, at *4 (S.D.N.Y. Nov. 30, 2023); Raposo, 2024 WL 165195, at *5. Amendment 814 moved those three categories of "extraordinary and compelling reasons" into the text of Section 1B1.13 itself. See U.S.S.G. § 1B1.13(b)(1)-(3). Additionally, Section 1B1.13 now includes several new categories of "extraordinary and compelling reasons," including: (a) whether the defendant has been a victim of abuse by BOP personnel, id. § 1B1.13(b)(4); (b) whether the defendant received an unusually long sentence (under certain circumstances) when there has been a non-retroactive change in sentencing law, id. § 1B1.13(b)(6); and (c) whether any other circumstance or combination of circumstances, considered by themselves or together with any of the reasons described in

---

[2] Amendment 814 also updated Section 1B1.13 "to encompass motions brought by defendants." Raposo, 2024 WL 165195, at *5. Prior to November 1, 2023, Section 1B1.13 "by its terms was directed only at motions brought by BOP." Id.

5

paragraphs (1) through (4)" (i.e. medical condition, age, family circumstances, or BOP abuse), are "similar in gravity" to those four reasons, id. § 1B1.13(b)(5); see Feliz, 2023 WL 8275897, at *4 (explaining how Amendment 814 introduced this "catch-all provision"). Lastly, Section 1B1.13 as amended now provides that the defendant's rehabilitation may be considered as a factor, although it cannot serve as the sole basis for reducing a sentence.[3] Id. § 1B1.13(d); see Raposo, 2024 WL 165195, at *5, 8; see also 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

### III. DISCUSSION

As a threshold matter, the Court "assumes for the sake of argument" that Sierra "satisfied [Section 3582(c)'s] exhaustion requirement." United States v. De Jesus Sierra, No. 10 Cr. 416, 2021 WL 354954, at *1 (S.D.N.Y. Feb. 2, 2021) (Marrero, J.), aff'd, No. 21-440, 2023 WL 192412 (2d Cir. Jan. 17, 2023). Though Sierra nowhere indicates he first sought relief from BOP, see generally Mot., courts in this District sometimes exercise their discretion to assume [pro se] defendants have fully exhausted their administrative rights and to consider the merits of defendants' arguments for a sentence reduction. E.g., Webb, 2023 WL 9022874,

---

[3] In addition to adding the new categories, Amendment 814 also expanded the list of circumstances specified in the three original categories – adding two new subcategories to the "Medical Circumstances" ground for relief and making three modifications to the "Family Circumstances" ground. See Amendments, 88 Fed. Reg. 28,254, 28,257; U.S.S.G. § 1B1.13(b).

6

at *1 ("I will assume for the sake of argument that Defendant has exhausted as required."); United States v. Broadnax, No. 15 Cr. 878, 2023 WL 6533489, at *1 (S.D.N.Y. Oct. 6, 2023) (evaluating merits even though *pro se* defendant "ha[d] not demonstrated . . . he ha[d] satisfied the exhaustion requirements under Section 3582(c)").

The Court turns to the merits of Sierra's Motion. Sierra "bears the burden of showing that the circumstances warrant a sentence reduction." United States v. Jacques, No. 20-3276, 2022 WL 894695, at *1 (2d Cir. Mar. 28, 2022) (summary order). Sierra raises three circumstances he claims support a sentence reduction: (i) the effect his incarceration has had on his family, (ii) his mental health condition, and (iii) his rehabilitation. (See Mot. at 2.) Sierra cites only his rehabilitation as an "extraordinary and compelling reason," with the other two circumstances framed as going towards the § 3553(a) factors. (See id.) But see U.S.S.G. § 1B1.13(d) (stating rehabilitation "is not, by itself, an extraordinary and compelling reason"); 28 U.S.C. § 994(t) (same). Construing Sierra's arguments liberally, however, the Court considers whether any of these three circumstances, alone or together, constitutes an "extraordinary and compelling reason" for a sentence reduction. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 479 (2d Cir. 2006) ("[S]ubmissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest

7

arguments that they *suggest*." (quotation marks omitted)). After reviewing the record and Sierra's submission, the Court finds that none of the circumstances Sierra relies upon constitutes "extraordinary and compelling reasons" and that, even if any of them did satisfy that standard, the § 3553(a) factors militate against a sentence reduction here.

First, Sierra emphasizes the impact his imprisonment has had on his wife, son, mother, and other family members – especially considering the "length of his sentence." (Mot. at 2.) Sierra claims that a sentence reduction "would help" him "provid[e] financial assistance to [his] family." (Id.) While no doubt true, this reason does not rise to the level of "extraordinary and compelling." Sierra does not suggest that his wife is "unavailable or inadequate as a caregiver" for his son. Webb, 2023 WL 9022874, at *2; see U.S.S.G. § 1B1.13(b)(3)(A) (listing the "death or incapacitation of the caregiver of defendant's minor child" as an "extraordinary and compelling reason"). And while it is clear Sierra "regrets not factoring his [wife] and [son] into his decisionmaking" before committing the instant offenses, "it is the unfortunate fact that separation from family members is one of 'the sad and inevitable consequences of incarceration.'" Webb, 2023 WL 9022874, at *2 (quoting United States v. John, No. 15 Cr. 208, 2020 WL 6581217, at *2 (S.D.N.Y. Nov. 10, 2020)). "Hardship on the family almost always results from serious criminal conduct,

8

and while 'it is truly unfortunate that [Sierra's] incarceration has placed that burden on his family[,] that does not constitute an extraordinary and compelling reason' to reduce his sentence." Id. (quoting John, 2020 WL 6581217, at *2) (cleaned up); see United States v. Vailes, No. 16 Cr. 297, 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020) ("There is no question that a defendant's incarceration is painful and burdensome to family members, who must bear the stress of managing their lives without the defendant's help. It is an unfortunate fact, however, that these burdens are common to almost all families of incarcerated people, and do not constitute extraordinary or compelling factors.").

Second, Sierra suggests that his actions were influenced, in part, by a "serious bout with depression" – a malady with which he claims to have only recently "come to terms." (Mot. at 2 (cleaned up).) True or not, however, courts in this District have repeatedly held that a defendant's "mental health conditions (including depression)," United States v. Hough, No. 19 Cr. 873, 2022 WL 16555310, at *1 (S.D.N.Y. Oct. 31, 2022), "do not constitute extraordinary and compelling reasons warranting a sentence reduction," id. at *3; e.g., Raposo, 2024 WL 165195, at *7 (finding defendant's "untreated depression" was not sufficient reason to reduce his sentence); cf. United States v. Balbuena, No. 18 Cr. 279, Dkt. No. 71, at 1-2 (S.D.N.Y. Apr. 25, 2022) (holding that risk of COVID-19 complications due to underlying health

9

conditions, including "depression, obesity, and post-COVID-19 symptoms," is "not an extraordinary or compelling reason").

Third, Sierra highlights his efforts at rehabilitation. Sierra avers that, since being incarcerated, he has completed multiple classes and programs for his own "betterment" while also "maintain[ing] financial responsibilities" for his family. (Mot. at 2; see id. at 6-16 (attaching records and certificates attesting to his completion of various drug counseling and academic courses).) Sierra also expresses remorse for his actions; he acknowledges that he "failed his family" and that he "hurt a lot of people" and "could have devastated many more lives" beyond just his family's. (Id. at 2.) But while Sierra's "efforts at rehabilitating himself are commendable and should continue, they do not alone or in combination with his other arguments constitute an extraordinary and compelling reason for compassionate release." Webb, 2023 WL 9022874, at *2 (quotation marks omitted); see Vailes, 2020 WL 3960505, at *3 ("I commend the defendant on his efforts to rehabilitate himself, but these efforts do not warrant early release."); United States v. Steele, No. 19 Cr. 65, 2021 WL 2138829, at *7 (D. Conn. May 26, 2021) (holding "admirable" efforts at rehabilitation are not extraordinary and compelling).

In short, Sierra points to no circumstances that – either alone or in combination – rise to the level of "extraordinary and compelling reasons" to reduce his sentence.

10

But even if they did, the Court finds that the § 3553(a) factors would nonetheless warrant denial of the Motion. The Court considers "the nature and circumstances of the offense" as well as "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Sierra was convicted after a four-day trial for his involvement in large-scale drug trafficking; and, at sentencing, he refused to take responsibility for his criminal activities (see Second Sentencing Tr., Dkt. No. 119, at 17:9-15), even when confronted with overwhelming evidence of his guilt, (see id. at 18:19-19:1 (The Court: "Mr. Sierra continues to be in denial about the fact that he was convicted of the sale of [substantial] amounts of drugs that were found in his apartment, or evidence of substantial amounts of drugs at the time that he was arrested." Contrary to Sierra's statement at sentencing, "[t]his was not a matter of a $5, small envelope of unlawful drugs.")).[4] And while today Sierra accepts responsibility for his actions – which he now claims were partly affected by his "serious bout of depression" (Mot. at 2) – the Court observes that Sierra "was not an impulsive youngster at the time, but a man of almost" fifty. Webb, 2023 WL

---

[4] At sentencing, Sierra's refusal to acknowledge his two prior state convictions for selling drugs (including on school grounds) required the Court to schedule a second sentencing proceeding to address this matter. (See First Sentencing Tr., Dkt. No. 117, at 5:16-20.) Even when the Government submitted incontrovertible evidence establishing those state convictions beyond a reasonable doubt (including transcripts of Sierra's guilty pleas), Sierra still refused to acknowledge these convictions. (See Second Sentencing Tr. at 2:20-3:2, 4:2-7, 7:4-8:25.)

9022874, at *3; cf. Raposo, 2024 WL 165195, at *7 (denying sentence reduction where defendant cited his "untreated depression," compounded by his youth). Moreover, as indicated by Sierra's extensive criminal history (including multiple convictions for similar drug offenses), "[s]ignificant prior terms of imprisonment did not deter him" from committing the instant offense. Webb, 2023 WL 9022874, at *3. (See Dkt. No. 142, PSR ¶¶ 20-48.) Finally, the Court concludes that Sierra's sentence remains appropriate to reflect the seriousness of his offense, to promote respect for the law, and to provide deterrence and just punishment. See 18 U.S.C. § 3553(a)(2).

## IV. ORDER

For the reasons states above, the motion of defendant Diogenes De Jesus Sierra seeking compassionate release pursuant to 18 U.S.C. § 3582(c) is DENIED.

The Clerk of the Court is respectfully directed to terminate the motion at Dkt. No. 144 and to send a copy of this Order to Diogenes De Jesus Sierra, Register Number 63319-053, FCI Fort Dix, P.O. Box 2000, Joint Base MDL, NJ 08640.

**SO ORDERED.**

Dated: 26 April 2024
       New York, New York

_____
Victor Marrero
U.S.D.J.